OPINION JUDGMENT ENTRY
{¶ 1} Appellant Jeff Whyde appeals a judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, which granted permanent custody of his two step-children to the Licking County Department of Job and Family Services. Appellant assigns two errors to the trial court:
 {¶ 2} "The juvenile court erred when it overruled appellant's objections and approved, adopted, and re-affirmed the decision of the magistrate because the licking county department of job and family services failed to meet its reasonable efforts burden.
 {¶ 3} "The juvenile court erred when it overruled appellant's objections and approved, adopted, and re-affirmed the decision of the magistrate because such decision is against the manifest weight of the evidence."
 {¶ 4} The record indicates appellant is married to Tanya Whyde, the biological mother of Loretta Whyde and Jason Caine. Tracey Caine is the biological father of both children, and it does not appear appellant adopted the children. At the time of the hearing, the children were approximately nine and ten years old.
 {¶ 5} The matter came to the attention of the Licking County Department of Job and Family Services, hereinafter appellee, in March of 2002. Appellee filed a complaint alleging the minor children were not receiving proper medical care, and Tanya Whyde and appellant continually allowed other people to reside in the home. The magistrate ordered appellee to maintain protective supervision of the children in the custody of their mother and appellant.
 {¶ 6} Several days later, the court entered an ex parte order removing the children from the home because of alleged sexual abuse. On March 19, 2002, appellee filed amended complaints, alleging the mother permitted her boyfriend (not appellant) to sexually molest the daughter. The complaint also alleged mother met her boyfriend and other men on the Internet and brought them into her home.
 {¶ 7} On June 4, 2002, the parties stipulated to an adjudication of dependency and neglect, and appellee took temporary custody of both children.
 {¶ 8} On February 26, 2003, appellee filed a motion for permanent custody. Tracey Caine, the biological father, did not contest the motion to terminate his parental rights. The guardian ad litem filed a report recommending it was in the children's best interest to be placed in the permanent custody of appellee.
 {¶ 9} The magistrate made extensive findings of fact and conclusions of law regarding the evidence presented. Regarding appellant, the magistrate found he has been married to the children's mother for approximately seven years, and claimed to share household responsibility equally with her. The magistrate found appellant was unable to identify any particular responsibilities he assumed, and it appeared all aspects of managing the household and raising the children were left to the mother. Appellant has no significant source of income outside of a delivery route for "The Advertiser" for which he receives an uncertain and variable amount of compensation monthly. At the time of the hearing, appellant was applying for supplemental security income with the assistance of a caseworker from M.R.D.D. Appellant functions in the moderate range of mental retardation with poor receptive language skills making cumulative learning extremely difficult. The magistrate found the evidence showed appellant has in the past and likely will continue to use a passive/avoidant coping style resulting in an entirely ineffective parenting style, which will only be exacerbated as the children age. The magistrate found appellant possesses little or no insight into the regular and/or special needs of Loretta and Jason, and is incapable of providing any care or supervision for the children, even with the intense assistance of any available social service agency.
 {¶ 10} The magistrate found the biological mother functions in the border line range of functioning and in the mild to moderate range of mental retardation. The magistrate found the mother's judgment is variable and her thinking is extremely concrete. Mother tends to see herself as being victimized and has a low tolerance for frustration. The magistrate found because of her propensity for suspiciousness, denial, and projecting blame, there is a very low possibility of change or improvement in her parenting ability.
 {¶ 11} The magistrate found the combination of the psychological profiles of appellant and Tanya Whyde indicate they have limitations not amenable to change which result in a parenting style not conducive to meeting the regular and special needs of the children, but instead creates an environment contrary to the best interest of the children.
 {¶ 12} The magistrate found appellant and the mother have been unable to establish and maintain stable income, and have significant difficulties in paying rent and utilities. The magistrate found even with the intense assistance of the parenting mentor, it is clear stability in housing and financial areas is highly unlikely now or in the future. The magistrate found both Tanya Whyde and appellant lack insight into the reasons for the children's removal, and insight into the regular and special needs of the children. The magistrate found Tanya Whyde had failed to take full responsibility for her actions which had resulted in her placing her daughter at risk through her use of the Internet and meeting men for sex in chat rooms. The parenting mentor had worked with both parties for nearly a year, addressing issues related to child development, life skills, appropriate discipline, and the alleged sexual offenses. The magistrate found they had made minimal progress in the areas of housekeeping and safety. They had not been able to maintain any progress in understanding child development issues. Neither appellant nor the mother had much insight into the children's needs or their current situation, and could not articulate any regular or special needs the children have. The parenting mentor had suggested a payee and consumer credit counseling to help rectify the budgeting problems, but the parties have declined and have not been able to maintain a stable budget.
 {¶ 13} The magistrate found both the mother and appellant have failed to recognize the concerns of appellee regarding the presence and residence of other adults in the home and how it may become problematic as relating to their daughter. The magistrate found although the parents deny they have permitted others to reside in the home during the pendency of the case, there was clear indications to the contrary. The parenting mentor testified multiple adults have resided in the home over a period of time, and the biological father, Tracey Caine, also indicated he resided in the home and slept with the mother in an attempt to reunite with her. The social workers had attempted to address these concerns, but both appellant and Tanya Whyde had "blatantly ignored" these concerns.
 {¶ 14} The magistrate found the children had adapted well to their current foster home and their behaviors had stabilized and improved. The court found both children have I.E.P.'s and require a great deal of one-on-one attention after school on their homework. The magistrate found the improvement in the children's behavior and academic progress would not have happened without intense structure, routine, and focus provided by the foster home. The magistrate found it was clear appellant and his wife are incapable of providing the structure, routine, and academic assistance. The magistrate also found there were no options available regarding placement with a family member or relative.
 {¶ 15} Both parties filed objections to the magistrate's decision, and the juvenile court overruled them by judgment entry on December 10, 2003. One of the problems presented by this case is that appellee never substantiated the allegations of sexual abuse or child endangering because of the possibility of sexual abuse. The trial court found even if the court were to disregard all matters regarding any purported sexual improprieties, the record in this case nevertheless supports the conclusions of the magistrate to permanently terminate all parental rights.
 {¶ 16} Tanya Whyde filed a separate appeal from the order terminating her parental rights, see In re Whyde, Licking App. No. 03-CA-115, 2004-Ohio-___. In that case, this court articulated our concerns about the unsubstantiated alleged sexual abuse.
 {¶ 17} R.C. 3109.28 permits any persons who claim legal right to custody or visitation to be joined as parties. Although most often the statute is invoked by grandparents, at least two courts acknowledged a step-father's rights, see Lutton v. O'Malley,
Cuyahoga App. No. 82001, 2003-Ohio-1176; Callahan v. Court ofCommon Pleas of Pickaway County, Juvenile Division, Pickaway App. No. 02CA4, 2002-Ohio-5418. We will confine our discussion to the merits of the case.
 I {¶ 18} In his first assignment of error, appellant urges the trial court erred in approving the magistrate's decision because the Licking County Department of Job and Family Services failed to meet its reasonable efforts burden.
 {¶ 19} Pursuant to R.C. 2151.419, the agency which removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. The statute assigns the burden of proof to the agency to demonstrate it has made reasonable efforts.
 {¶ 20} Appellee devised a comprehensive reunification plan to assist appellant and the children's mother in remedying the problems which caused the children to be removed. The case plan addressed various issues including sex offender counseling, assistance with budgeting, parenting and life skills, and assistance to meet the special needs of the children. The magistrate found the agency had made all reasonable diligent efforts and had worked with the family for an extensive period of time with no significant improvement.
 {¶ 21} We have reviewed the record, and we find it is replete with evidence, even setting aside the sexual abuse issues, the parties made no progress in spite of the agency's reasonable efforts to reunify the family.
 {¶ 22} The first assignment of error is overruled.
 II {¶ 23} In the second assignment of error, appellant argues the decision of the magistrate is against the manifest weight of the evidence.
 {¶ 24} The Supreme Court has frequently held judgments supported by competent and credible evidence going to each essential element of the case may not be reversed on review as being against the manifest weight of the evidence, C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 25} R.C. 2151.414 requires the court find by clear and convincing evidence that it is in the best interest of the child to grant permanent custody. The statute sets forth the factors a trial court should consider in determining whether a child cannot be placed with either parent within a reasonable time or should not be placed with the parents. One of the statutory factors is whether despite reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems which caused the child to be placed outside the home, the parent has nevertheless continuously and repeatedly failed to substantially remedy the conditions which caused the child to be removed. The court must consider whether the parents have utilized the medical, psychiatric, psychological, and other social and rehabilitative services and material resources made available to them for the purpose of changing their conduct sufficiently to allow them to resume and maintain their parental duties.
 {¶ 26} The record contains more than sufficient evidence to permit the trial court to make such a finding by clear and convincing evidence.
 {¶ 27} The trial court is also required to consider various statutory factors in determining whether it is in the best interest of the child to grant permanent custody to appellee. The pertinent factor here whether the child's need for a legally secure permanent placement can be achieved without a grant of permanent custody to the agency.
 {¶ 28} The record indicates both children have special needs, and require a structured environment appellant and their mother simply could not provide. The record also indicates once the children were removed from appellant's home, and placed in foster care, both the children had made significant progress behaviorally and academically.
 {¶ 29} We find the trial court's decision is not against the manifest weight of the evidence presented.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is affirmed.
Judgment affirmed.
Boggins, J., concurs.
Edwards, J., concurs separately.
JULIE A. EDWARDS, J., CONCURRING.
 {¶ 32} It appears from the record that Jeff Whyde, the children's stepfather, was never joined as a party to this case. But, it also appears from the record that the trial court treated Jeff Whyde as if he had been joined as a party.
 {¶ 33} Even if I were to accept that Jeff Whyde has been joined as a party to this case, he still should have filed a motion for custody in this matter. That motion could have been decided in conjunction with the motion for permanent custody as an alternative to the granting of the motion for permanent custody.
 {¶ 34} Jeff Whyde has no parental rights in this matter and could only have prevailed in this matter if he had filed a motion for custody and the trial court had found that that disposition was in the best interest of the children.
 {¶ 35} The trial court appears to have treated Jeff Whyde as if he had proceeded correctly, but the trial court still found that it was in the children's best interest to terminate parental rights. This forecloses any opportunity for Jeff Whyde to reunify with the children under this case number.
 {¶ 36} All of that having been said, I concur with the result reached by the majority.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is affirmed. Costs to appellant.